# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMANJIT SINGH HUNDAL,<br><br>    Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>    Respondent. | Case No.: 1:19-cv-00338-DAD-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION TO DISMISS AS MOOT<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION TO AMEND IN PART<br><br>(Docs. 12, 17, 19) |

Because Petitioner has exhausted the claims subject of the motion to dismiss based on exhaustion, the motion is now moot. Additionally, because certain claims as described further below are unexhausted and others untimely, the Court will recommend that the motion to amend be granted in part.

**PROCEDURAL BACKGROUND**

Petitioner was convicted of two counts of murder, attempted murder, shooting at an occupied vehicle, shooting from a vehicle at a person, assault with a semiautomatic firearm and street terrorism. (LD 13-1, 13-2.[1]) Various street gang and firearm enhancements were found true. (LD 13-1, 13-2.) Petitioner was sentenced to an indeterminate state prison term of thirty-nine years, plus an indeterminate term of ninety years to life consecutive, plus two consecutive terms of life without the

---

[1] "LD" refers to the documents lodged by Respondent.

1

possibility of parole. (LD 13-1, 13-2.) On August 2, 2017, the California Court of Appeal, Fifth Appellate District struck two gang enhancement ten-year terms and corrected various errors in the abstract of judgment related to fines and restitution. (LD 13-2.) The judgment was otherwise affirmed. (LD 13-2.)

On October 3, 2017, Petitioner filed a petition for review with the California Supreme Court raising two claims: (1) denial of due process for the murder conviction and the related special circumstances allegations because there was insufficient evidence that Petitioner knew of and shared the shooter's intent to kill (claim 1); and (2) denial of due process because the trial court failed to instruct the jury sua sponte with CALCRIM No. 225 (circumstantial evidence of specific intent) instead of CALCRIM No. 224 given that the primary issue at trial was whether Petitioner harbored the specific intent to kill (claim 2). (LD 13-3, 13-4.) On November 15, 2017, the California Supreme Court denied review. (LD 13-4.)

Petitioner then filed the instant petition on March 13, 2019. (Doc. 1.) Petitioner raised seven claims in his petition: (1) insufficient evidence for the murder conviction; (2) failure to instruct the jury with CALCRIM No. 225; (3) insufficient evidence for gun use enhancements; (4) improper imposition of sentences for both the gang and gun enhancements in count six; (5) ineffective assistance of counsel; (6) denial of the right to a fair trial and the presumption of innocence; and (7) cumulative error. (Doc. 1.)

On the same day, he filed a habeas petition in the California Supreme Court, raising three claims: (1) ineffective assistance of trial and appellate counsel (claim 5); (2) denial of the right to a fair trial and presumption of innocence (claim 6); and (3) cumulative error (claim 7). (LD 13-5.)

On May 9, 2019, Respondent filed a motion to dismiss the habeas petition because it included unexhausted claims. (Doc. 12.) Specifically, Respondent argued that because the three claims raised in the habeas petition in the California Supreme Court (claims five, six and seven) were still pending at that time, those claims were unexhausted. (Doc. 12 at 3.) Respondent also contended that claims three and four of the federal petition were unexhausted because they had not been presented to the California Supreme Court. (Doc. 12 at 4.) Petitioner filed objections on May 28, 2019, contending that he anticipated the habeas petition in the California Supreme Court to be denied within a timely

2

manner or in the alternative he requested for a stay. (Doc. 14 at 1-2.) Respondent did not file a reply to the opposition.

Subsequently, on June 24, 2019, Petitioner filed "motion to show the courts and also respondent that all claims filed in original petition for writ of habeas corpus are now dully and fully exhausted therefore the respondent's motion to dismiss a mixed petition is moot and respondent should answer petition originally filed." (Doc. 17.) Petitioner included as an exhibit the California Supreme Court's order denying the habeas petition on June 12, 2019. (Doc. 17 at 4.) Petitioner contended in his motion that all his claims are now fully exhausted, and Respondent's arguments in the motion to dismiss are moot. (Doc. 17 at 1-2.) Petitioner also abandoned his request for a stay, stating that was also moot. (Doc. 17 at 2.) Respondent construed Petitioner's "motion" as a motion to amend his petition and filed opposition on July 3, 2019. (Doc. 18.) Respondent contended that claims five, six and seven were exhausted as of Petitioner's motion filed on June 24, 2019. (Doc. 18 at 4.) However, Respondent argued that these claims (claims five, six and seven) were untimely. (Doc. 18 at 5-6.) Respondent also argued that claims three and four remained unexhausted because they had never been presented to the California Supreme Court, so the petition is mixed. (Doc. 18 at 4-5.)

Petitioner then filed a motion to amend on July 22, 2019, requesting the Court to exclude unexhausted claims and proceed on the merits of exhausted claims. (Doc. 19.) To date, Respondent has not filed an opposition.

**DISCUSSION**

I. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on Respondent's contention that Petitioner's claims five, six and seven were still pending in the California Supreme Court at that time and those claims were unexhausted. (Doc. 12 at 3.) However, Petitioner filed a motion which included as an exhibit the California Supreme Court's order denying the habeas petition. (Doc. 17 at 4.) Accordingly, Respondent's motion to dismiss based on exhaustion of claims five, six and seven is now moot. However, as discussed below, Respondent subsequently argues that these claims are untimely. (Doc. 18.) Therefore, this Court recommends that Respondent's motion to dismiss be DENIED as moot.

Additionally, Petitioner had requested a stay in his objections filed on May 28, 2019 when the habeas petition in the California Supreme Court was pending (Doc. 14 at 1-2), but later withdrew his request for a stay (Doc. 17 at 2). Accordingly, the Court recommends that Petitioner's request for a stay be DENIED as moot.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

Federal habeas review is unavailable until state remedies are exhausted, even if the particular claim brought in federal court has been finally settled by the state courts. Thus, when an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his direct appeal before his state remedies are exhausted, even where the issue to be challenged in the federal writ of habeas corpus has been finally resolved in the state courts. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Schnepp v. State of Or., 333 F.2d 288 (9th Cir. 1964); Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998).

It appears that claims one and two have been presented to the California Supreme Court, and the California Supreme Court denied review on November 15, 2017; therefore, these claims have been exhausted. (LD 13-3, 13-4.) However, as Respondent contends, claims three and four have not been presented to the California Supreme Court and are therefore unexhausted. (Doc. 18 at 5.) Petitioner also abandons claims three and four in his motion to amend filed on July 22, 2019. (Doc. 19 at 1-2.) Accordingly, the Court will recommend that Petitioner's motion to amend be granted in part as to proceeding on the two exhausted claims (claims one and two) and as to abandonment of the two unexhausted claims (claims three and four).

### III. Limitation Period for Filing Petition for Writ of Habeas Corpus

In the opposition to what Respondent construed as a motion to amend, Respondent contends that claims five, six and seven are untimely. (Doc. 18 at 5-6.)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 13, 2019, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, on August 2, 2017, the Fifth DCA affirmed the judgment. (LD 13-2.) Petitioner filed a petition for review with the California Supreme Court, which was denied on November 15, 2017. (LD 13-3, 13-4.) The time to seek direct review ended on February 13, 2018, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The statute of limitations commenced on the following day on February 14, 2018. Absent applicable tolling, the last day to file a federal habeas petition was February 13, 2019. Here, Petitioner did not file his federal habeas petition until March 13, 2019.

### IV. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that "a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed his state habeas petition on March 13, 2019, one month after the statute of limitations expired. (LD 13-5.) As Respondent argues, the filing of Petitioner's state habeas petition after expiration of the limitations period did not restart the clock at zero or otherwise save his claims from being time barred. (Doc. 18 at 6.) In other words, the state petition did not operate to toll the statute of limitations and the petition remains untimely. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

V.     Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 655; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is

6

very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In this case, Petitioner makes no claim to entitlement of equitable tolling. Petitioner must demonstrate diligence throughout the limitations period. Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). He fails to do so. He fails to demonstrate any extraordinary circumstance stood in his way of timely filing his federal petition, and he fails to show that he acted diligently. He should not be granted equitable tolling. Therefore, because claims five, six and seven are untimely for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period, the Court will recommend that Petitioner's motion to amend be denied as to these claims.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that:

1. Respondent's motion to dismiss (Doc. 12) be DENIED as moot;
2. Petitioner's request for stay, which Petitioner abandoned (Doc. 17), be DENIED as moot; and
3. Petitioner's motion to amend (Doc. 19) be GRANTED IN PART as to proceeding on the two exhausted claims (claims one and two) and as to abandonment of the two unexhausted claims (claims three and four); and DENIED IN PART as to the three untimely claims (claims five, six and seven).

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 5, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE