UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMANJIT SINGH HUNDAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ,<br><br>　　　　　Respondent. | No. 1:19-cv-00338-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND <u>RECOMMENDATIONS</u><br><br>(Doc. Nos. 12, 17, 19, 20) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 6, 2019, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be denied as moot, petitioner's withdrawn request for a stay also be denied as moot, and petitioner's motion to amend be granted in part. (Doc. No. 20.) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. No objections have been filed and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

findings and recommendations are supported by the record and proper analysis.[1]

Accordingly:

1. The findings and recommendations filed on September 6, 2019 (Doc. No. 20), are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 12) is denied as moot;
3. Petitioner's request for a stay (Doc. No. 14), which he later withdrew (Doc. No. 17), is denied as moot;
4. Petitioner's motion to amend (Doc. No. 19) is granted in part:
   a. Plaintiff may proceed on his Claims One and Two;
   b. Plaintiff is permitted to abandon his Claims Three and Four;
5. Claims Five, Six, and Seven are dismissed *sua sponte* as untimely under the AEDPA's statute of limitations; and
6. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 19, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] The magistrate judge recommended that petitioner's motion to amend be denied as to his Claims Five, Six, and Seven because those claims are time barred under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one–year statute of limitations. As noted, petitioner has not objected to the pending recommendation that the court *sua sponte* dismiss claims Five, Six, and Seven as untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").