UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMANJIT SINGH HUNDAL,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>Respondent. | No. 1:19-cv-00338-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(Doc. No. 30) |

Petitioner Ramanjit Singh Hundal is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 13, 2020, the assigned magistrate judge issued findings and recommendation recommending that the petition be denied on its merits. (Doc. No. 30.) The findings and recommendation were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. (*Id.* at 18.) On April 15, 2020, petitioner filed objections to the findings and recommendation. (Doc. No. 33.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 304, the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendation are supported by the record and proper analysis.

1

Although the court has reviewed petitioner's objections, the objections do not address the deficiencies present in the petition. Rather, petitioner merely states that he objects to dismissal of his claims without setting forth any arguments in support of that position. (*See* Doc. No. 33 at 1–2.) Thus, petitioner's objections provide no basis to question the magistrate judge's analysis.

Additionally, the court will decline to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation filed February 13, 2020 (Doc. No. 30) are adopted in full;
2. The petition for writ of habeas corpus is denied;
3. The clerk of court is directed to enter judgment and close this case; and
4. The motion for certificate of appealability, filed April 15, 2020 (Doc. No. 34), is denied.

IT IS SO ORDERED.

Dated:   **August 14, 2020**

UNITED STATES DISTRICT JUDGE